IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY L. BACA,

        Plaintiff,

v.                                                      No. CIV-13-0154 JCH/LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order to Show Cause and Reopening of Judgment Pursuant to FRCP 60b(6) (Doc. 37)*, filed June 27, 2014, and memorandum brief in support of the motion [*Doc. 40*], filed July 1, 2014.  On July 14, 2014, Defendant filed a response to the motion [*Doc. 41*], and, on July 21, 2014, Plaintiff filed a reply [*Doc. 42*].  United States District Judge Judith C. Herrera referred the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  [*Doc.44*].  Having reviewed the motion, response, reply, record of the case, and relevant law, the Court recommends that the motion be **GRANTED in part** and **DENIED in part without prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

On November 20, 2013, the undersigned entered a Proposed Findings and Recommended Disposition (hereinafter, "PF&RD") in this case, finding that the Administrative Law Judge's (hereinafter, "ALJ") justification for rejecting Dr. Hughson's opinion that abstinence from drugs would only partially improve Plaintiff's ability to work was inadequate.  [*Doc. 30* at 13].  The undersigned further found that Defendant's attempt to remedy the ALJ's failure to adequately justify her rejection of that portion of Dr. Hughson's opinion by supplying additional possible justifications for doing so was an impermissible *post hoc* rationalization.  *Id.* at 14.  Therefore, the undersigned recommended remanding the case to Defendant for further consideration of Dr. Hughson's opinion that abstinence would only partially improve Plaintiff's ability to work, and to include a careful consideration of Soc. Sec. Rep. 13-2p, 2013 WL 621536 regarding whether Plaintiff would be disabled if the substance abuse stops.  *Id.*  No objections to the PF&RD were filed, and, on December 17, 2013, the presiding judge in this case adopted the PF&RD and entered a final order remanding the case to Defendant.  [*Docs. 31* and *32*].

In Plaintiff's motion currently before the Court, Plaintiff contends that Defendant has failed to schedule a hearing for Plaintiff on his remanded case in a timely manner.  [*Doc. 37* at 2].  Plaintiff contends that Defendant is in violation of the Office of Disability Adjudication and Review (hereinafter, "ODAR") Hearings, Appeals, and Litigation Law Manual (hereinafter, "HALLEX"), which states that all cases that have been remanded from a district court be scheduled for a hearing immediately if more than 125 days have passed since the remand order was entered.  *Id.* at 3; *see also* [*Doc. 40* at 2].  Plaintiff also states that his situation is considered "critical" pursuant to the HALLEX manual because he is homeless and lacks shelter.  [*Doc. 37*

at 2] and [*Doc. 40* at 2].   Plaintiff asks the Court to enter an order directing Defendant to show cause why she should not be held in contempt of Court and sanctioned for failing to hold a prompt hearing on Plaintiff's remanded case.   [*Doc. 37* at 4].   Plaintiff further asks the Court to set aside its final order and direct that Defendant hold a hearing within fourteen days, or to enter an order instructing the immediate award of benefits.   *Id.* at 4-5; *see also* [*Doc 40* at 3-7].

In response, Defendant contends that Plaintiff has not shown extraordinary circumstances or extreme hardship to justify reopening and modifying the Court's order remanding the case. [*Doc. 41* at 2].   Defendant contends that it is in compliance with the HALLEX manual and the Court's order remanding the case.   *Id.*   Defendant states that, on April 21, 2014, Plaintiff's case was designated as a "dire need" case based on Plaintiff's allegation of homelessness, and that, on July 1, 2014, Plaintiff was advised that his hearing was scheduled for November 13, 2014.   *Id.* at 3.   Defendant states that "ODAR has an incredibly large backlog of cases needing a hearing[, and t]he Albuquerque ODAR Hearing office has approximately 9,000 pending cases, of which 1,231 are priority cases."   *Id.* at 4 (citing *Doc. 41-1*, Declaration of Jeffrey Smith, Hearing Office Director, Albuquerque ODAR).   Defendant further states that "in the Albuquerque ODAR Hearing Office, the average length of time from a hearing request date to a hearing held date is 372 days."   *Id.*

In reply, Plaintiff contends that the agency is violating its own rules by failing to schedule Plaintiff's hearing more quickly, and that this constitutes sufficient reason to reopen Plaintiff's case under Rule 60(b)(6).   [*Doc. 42* at 2].   Plaintiff states that Defendant failed to reassign Plaintiff's case to another Administrative Law Judge or conduct a video teleconference to expedite

his hearing as required under HALLEX I-2-1-55.F.  *Id.* at 3.  Plaintiff further contends that this case should be reversed and benefits awarded to Plaintiff because it is likely that further consultative psychiatric evaluation will be ordered after the November 13, 2014 hearing, thereby further delaying Plaintiff's case.  *Id.* at 8.  Plaintiff contends that, even if a medical opinion was offered that Plaintiff's mental limitations would improve in the absence of substance abuse, pursuant to Soc. Sec. R. 13-2p the ALJ could not consider that evidence, so there is no further record development needed regarding Plaintiff's remanded claim.  *Id.* at 9-10.

First, the Court finds that Plaintiff's request that the Court order Defendant to show cause why Defendant should not be held in contempt of Court should be denied.  In its order remanding this case to Defendant for further consideration of Dr. Hughson's opinion that abstinence would only partially improve Plaintiff's ability to work, the Court did not order Defendant to provide a hearing by a certain date.  Defendant, therefore, is not in violation of any Court order.  In addition, Defendant does not appear to have violated its own procedures.  The HALLEX manual at Section I-4-3-42 provides that a case should be designated as "delayed" when it has been pending more than 125 days from the date of the court order, and "must receive priority handling." *See* http://ssa.gov/OP_Home/hallex/I-04/I-4-3-42.html, site last visited August 6, 2014.  In addition, a case can be designated "critical" when the claimant meets certain criteria, and both parties agree that Plaintiff's case was designated "critical" pursuant to Plaintiff's February 21, 2014 email alleging that Plaintiff is homeless.  *See* HALLEX I-2-1-40, http://ssa.gov/OP_Home/hallex/I-02/I-2-1-40.html, site last visited August 6, 2014, and [*Doc. 37-1* at 1].  The HALLEX manual provides that "critical" and "delayed" cases should be

assigned to an ALJ "immediately" (*see* HALLEX I-2-1-55(D)(1) and (4), http://ssa.gov/OP_Home/hallex/I-02/I-2-1-55.html, site last visited August 6, 2014), and that "critical" cases will be scheduled "in the first available open hearing slots" (*see* HALLEX I-2-1-40(C)(4), http://ssa.gov/OP_Home/hallex/I-02/I-2-1-40.html, site last visited August 6, 2014). None of the HALLEX regulations, however, provide that a hearing take place immediately, or even within a certain amount of time, contrary to Plaintiff's assertions. Further, Defendant has provided an affidavit from the Albuquerque ODAR Director explaining that the Albuquerque ODAR has approximately 9,000 pending cases, of which 1,231 are priority cases, and that the average length of time from a hearing request date to a hearing held date is more than a year. [*Doc. 41-1*]. Given this backlog of cases, and Defendant's scheduling of Plaintiff's hearing in less than eleven months after the Court's order remanding the case to Defendant, Plaintiff fails to show that Defendant has violated its policies.

Even if Defendant has failed to comply with the HALLEX procedures by failing to provide Plaintiff with a prompt hearing, the provisions of the HALLEX manual are not binding on Defendant and do not provide a basis for a finding of contempt of court. *See Greene v. Astrue*, No. 10-4087-JTM, 2011 WL 2671313, at * 2 (D. Kan. July 8, 2011) (unpublished) (explaining that "the HALLEX Manual does not have the authority of law"); *see also* HALLEX I-1-0-1, http://ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html, site last visited August 6, 2014 (explaining that "HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council and civil action levels"). While Plaintiff contends that "HALLEX citations are given the authority of law" (*Doc. 40* at 2), the only authority

Plaintiff provides for this statement is *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), which merely cites to HALLEX when discussing contingent-fee agreements for Social Security cases. *See* 535 U.S. at 795. The Court, therefore, finds that any failure by Defendant to comply with the HALLEX manual is not a sufficient basis on which to hold Defendant in contempt of Court at this time. *See Edgar v. Barnhart*, No. 04-C-0820-C, 2006 WL 3377587, at *3 (W.D. Wisc. Sept. 27, 2006) (unpublished) (finding that "the agency's failure to comply with the HALLEX manual does not provide a basis for a contempt finding").

Second, the Court finds that Plaintiff's request that the Court order that his hearing be held within fourteen days should be denied. While the Court is sympathetic to Plaintiff wanting to have his hearing as soon as possible, the Court is unable to determine whether Plaintiff's claims are more urgent than the more than 1,200 priority cases that are currently before the Albuquerque ODAR. Plaintiff contends that his case has not been promptly handled, explaining that he filed his claim on March 19, 2009, received a hearing on November 15, 2010, received a decision from the ALJ on October 28, 2011, and received a denial from the Appeals Council on February 2, 2013. *See* [*Doc. 40* at 4]. Plaintiff, however, fails to show that this time frame is unusual, especially given the backlog of cases Defendant discusses in her response. Nevertheless, the Court notes that Defendant was alerted on February 20, 2014 that Plaintiff is homeless (*see Doc. 37-1* at 1), thus triggering Plaintiff's case as "critical," and the agency's policy requires such cases to be given "the first available open hearing slot," and that "[i]f previously scheduled hearing slots become available due to cancellation or rescheduling, the slots will be offered to claimants with designated critical cases." HALLEX I-2-1-40(C)(4). The Court,

6

therefore, recommends granting Plaintiff's motion in part and ordering that Defendant hold Plaintiff's hearing no later than November 13, 2014, as it is currently scheduled, and to offer Plaintiff any earlier hearing slot that becomes available. In addition, the Court recommends ordering Defendant to consider assigning Plaintiff's case to a different ALJ or conducting Plaintiff's hearing by videoconference, as suggested by Plaintiff (*see Doc. 42* at 3). If Defendant fails to hold Plaintiff's hearing by November 13, 2014, Plaintiff could then petition the Court for an order to show cause why Defendant should not be held in contempt of Court for failing to follow the Court's order.

Finally, the Court finds that Plaintiff has failed to show that his case should be reversed for an immediate award of benefits. The decision of whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). To make this decision, the Court should consider the length of time the matter has been pending and whether additional fact-finding would serve any useful purpose or merely delay the receipt of benefits. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Here, the Court finds that the length of time this matter has been pending is not unusual for these types of cases, especially in light of the backlog at the ODAR, and does not require an immediate award of benefits at this time. Further, the Court finds that additional fact-finding is required regarding whether Plaintiff would still be disabled if the substance abuse stops. Plaintiff contends that no further fact-finding is necessary because Soc. Sec. R. 13-2p requires affirmative evidence that a claimant's mental impairments would improve to the point of nondisability in the absence of substance abuse in order to find that the substance

abuse is material, and such evidence is not present in this case.  [*Doc. 42* at 9].  However, even though Dr. Hughson found that abstinence from drugs would only partially improve Plaintiff's ability to work, Dr. Hughson also found that "[l]imitations of [Plaintiff's] ability to work would be primarily due to chronic pain and the use of pain medications."  [*Doc. 13-10* at 36].  Thus, even if the ALJ on remand accepts Dr. Hughson's opinion that Plaintiff's ability to work may still be impaired without the substance abuse, such a finding may trigger a consideration of Plaintiff's allegations of pain and use of pain medications, and would not necessarily result in a finding of disability.  *See, e.g., Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) (explaining that "disability requires more than mere inability to work without pain") (internal quotation marks and citation omitted).  The Court, therefore, recommends that Plaintiff's request for an immediate award of benefits be denied at this time.

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Plaintiff's *Motion for Order to Show Cause and Reopening of Judgment Pursuant to FRCP 60b(6) (Doc. 37)* be **GRANTED in part** and that Defendant be ordered to hold Plaintiff's hearing **no later than November 13, 2014**, to offer Plaintiff any earlier hearing slot that becomes available, and to consider assigning Plaintiff's case to a different ALJ or conducting Plaintiff's hearing by videoconference if either of those actions would result in an earlier hearing date.  The Court further **RECOMMENDS** that Plaintiff's motion be **DENIED without prejudice** as to all other requested relief.

_Lourdes A. Martinez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**